New Jersey Department of Labor,
Workmen's Compensation Bureau.

JOHN DONNELLAN, PETITIONER, v. PUBLIC SERVICE
TRANSPORTATION COMPANY, RESPONDENT.

For the petitioner, *Charles Becker*.

For the respondent, *Henry J. Sorenson*.

\*       \*       \*       \*       \*       \*       \*

I find that John Donnellan, the petitioner, was employed by the Public Service Transportation Company; that in his petition he alleges he met with an accident on January 4th, 1926, in such a manner that a jitney bus axel came into contact with his body in and around the region of the left kidney. On January 17th the petitioner met with another accident. During the interval between these alleged accidents the petitioner worked continuously. He testifies that January 24th, 1926, was the last day that he worked. After the alleged accident of January 17th, 1926, the petitioner visited the respondent's physician, who treated him for muscle soreness. Subsequent thereto the petitioner visited Dr. Kessler, to whom he gave a history of having suffered pain from sometime in November, 1925. In August, 1926, when the petitioner was admitted to the Newark Memorial Hospital, he gave a history of having suffered the first symptom of pain April 26th, 1926. From the apparent discrepancy as to the date of the alleged accident, and from the discrepancies as to the facts with regard to when the petitioner first suffered pains, I cannot say that I have sufficient facts before me from

which I can draw a conclusion that the petitioner met with an accident.

But, let us assume that he did meet with an accident. Dr. Haussling testified that he diagnosed the petitioner's condition to be hydro nephrosis, and that this condition was chronic in character. Dr. Haussling's testimony further disclosed that when the petitioner was received in the hospital there was no history of injury given, and that he was further convinced that this was not a case of traumatic hydro nephrosis because the petitioner had continued to work for about two weeks after the date of the alleged accident. Dr. Haussling further testified that a trauma severe enough could aggravate a condition of hydro nephrosis, but that was not what occurred in this case. After having made a diagnosis of the petitioner's condition, Dr. Haussling removed the petitioner's left kidney.

Dr. Menks testified that he cystoscoped the petitioner, and found that he suffered from an infected left kidney, which condition he diagnosed as hydro nephrosis, and that the function of the left kidney was entirely destroyed, and that, in his opinion, the condition was chronic—extending over some time. Dr. Menks further testified that the accident did not aggravate the petitioner's condition if it had existed at the time of the alleged accident because a blow necessary to cause an aggravation would have to be of such severity as to cause a collapse of the petitioner. On or about May 26th, 1926, the petitioner visited Dr. Mautner, who testified that at that time he found no symtoms of an injury.

From the testimony in this case I have come to the conclusion that there is but one possible question involved and that is, was the petitioner's condition aggravated, and I am impressed by the testimony of Doctors Haussling and Menks, because they were the doctors who actually diagnosed petitioner's condition for the purpose of prescribing treatment, and as a result of their advice he submitted himself to the above-mentioned operation. Dr. Mautner, who had been treating the petitioner before he was sent to the hospital, stated that his treatments were solely for a back condition, and because he did not know the cause of petitioner's pains

he sent the petitioner to the hospital, and to Dr. Haussling, and that Dr. Haussling's findings were true, and in accord with his own. He further testified that it was possible to aggravate such a condition by an injury.

Several doctors produced by the petitioner testified that the petitioner's condition was caused by the alleged accident of January 4th, but no single one of these doctors treated the petitioner.

Therefore, I find that the weight of the testimony in this case clearly demonstrates that the petitioner's condition was chronic, and the testimony further shows that if this condition was in existence on January 4th, the date of the alleged accident, and there was no aggravation of this condition because he did not suffer any collapse, but on the contrary continued to work for about two weeks, and assuming that there was an accident on either the 4th or 17th day of January, 1926, I am of the opinion that it had nothing to do with the condition which was diagnosed by Dr. Haussling as hydro nephrosis.

I, therefore, find that the petitioner has failed to sustain the burden of proof in showing that he met with an accident arising out of and in the course of his employment.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

HARRY J. GOAS,
*Deputy Commissioner.*